UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

BENJAMIN HAIMOFF and VENESSA JOSEPH on
behalf of themeselves and all other similarly situated
consumers                                                                    Case No.

                              Plaintiffs,

              -against-

MIDLAND CREDIT MANAGEMENT, INC.

                              Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiffs, Benjamin Haimoff and Venessa Joseph, brings this action against Midland

Credit Management Inc for violations of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging

in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.    Plaintiffs are citizens of the State of New York who reside within this District.

3.    Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA, in

that the alleged debt that Defendant sought to collect from Plaintiffs is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in San

Diego, California.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

consumers.

6.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Benjamin Haimoff and Venessa Joseph

9.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

10.     On or about June 8th, 2016, Defendant sent Plaintiff Joseph a collection letter.

11.     The June 8th, 2016 collection letter stated a "Current Balance" of $677.37.

12.     On or about August 3rd, 2016 Defendant sent Plaintiff Haimoff a collection letter.

13.     The August 3rd, 2016 collection letter stated a "Current Balance" of $3,842.59 and offered Plaintiff Haimoff various options to settle the "Current Balance" with September 2nd, 2016 as payment due date.

14.     The said letters were sent in an effort to collect on a defaulted consumer debt.

15.     Such collection letters are open to one of multiple interpretations and would likely be misunderstood by an unsophisticated consumer.

16.     § 1692e requires debt collectors, when informing debtors of their account balance, to disclose whether the balance may increase due to interest and fees.  Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

17.     Defendant's collection letters fail to include the safe harbor language set out in Avila v.

Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

18.    An unsophisticated consumer would be left uncertain by the said letters as to whether the accounts were accruing interest or not.

19.    Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also Rhodes v. Davis, 628 Fed. Appx. 787, 794 (2d Cir. 2015) (Under New York Law, "[i]nterest is generally mandatory "upon a sum awarded because of a breach of performance of a contract . . . ." (citing Id. § 5001(a))).

20.    Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004. When calculating the interest due, it "shall be computed from the earliest ascertainable date the cause of action existed." Id. § 5001(b).

21.    "In New York, a breach of contract cause of action accrues at the time of the breach." Ely-Cruikshank Co. v. Bank of Montreal, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d 501 (1993) (citations omitted).

22.    Prejudgment interest on defaulted debt obligations "shall be computed from the earliest ascertainable date the cause of action existed," which is when the debtor fails to make the monthly payment. N.Y. C.P.L.R. § 5001(b).

23.    "New York law provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004.  Accordingly, Plaintiffs are entitled to prejudgment interest on the installments that were not timely paid." Kasperek v. City Wire Works, Inc., No. 03 CV 3986 (RML), 2009 U.S. Dist.

LEXIS 19803, at *8 (E.D.N.Y. Mar. 12, 2009).

24.  The "Current Balance" in the case at hand was for an amount that included original principal, fees, and contractual and statutory interest.

25.  The said letters failed to correctly state the in full the amount of the debt allegedly owed.

26.  Though the collection letter to Plaintiff Joseph stated a "Current Balance," the letter did not explain that contractual or statutory interest and/or legal fees would continue to accrue on the unpaid; thus, the Plaintiff's Joseph total balance might be greater on the date she makes a payment.

27.  Though the collection letter to Plaintiff Haimoff stated a "Current Balance," the letter did not state on which date the "Current Balance" was calculated, and did not explain that contractual or statutory interest and/or legal fees would continue to accrue on the unpaid principal in the event payment was not made according to the proposed settlement terms; thus, the Plaintiff's Joseph total balance might be greater on the date he makes a payment.

28.  A reasonable consumer could read the notices and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

29.  However, since contractual or statutory interest is automatically accruing daily, and since there are undisclosed legal fees that will accrue, a consumer who pays the "Current Balance" stated on the notices will be unaware as to whether or not the debt has been paid in full.

30.  The debt collector could still seek the automatically accrued contractual or statutory interest that accumulated after the notices were sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from

the consumer.

31.    A letter that states "Current Balance," without notice that the amount is already increasing due to automatically accruing contractual or statutory interest or other charges, would mislead the unsophisticated consumer into believing that payment of the amount stated will clear his or her account.

32.    The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiffs who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

33.    Pursuant to New York state law, statutory interest starts to accrue on the debt from the date of the breach of contract at the rate of 9% per annum.

34.    The amount of the contractual or statutory interest, automatically increases each day that the defaulted debt remains unpaid due to the automatically contractual or statutory accrued interest.

35.    Collection notices that state only the "Current Balance" but fail to disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

36.    To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

37.    Midland Credit Management Inc was required to include a disclosure that the

automatically accrued interest <u>was</u> accruing, or in the alternative, Midland Credit
Management Inc was required to disclose that the creditor has made an intentional
decision to waive the automatically accruing interest; yet the Defendant failed to make
any such disclosures, violating Section 1692e of the FDCPA.

38. Failure to disclose such a waiver of the automatically accruing interest is in of itself
deceptive and "misleading" within the meaning of Section 1692e of the FDCPA.

39. Midland Credit Management Inc knew that balances would increase due to interest, fees
and/or disbursements.

40. The Second Circuit adopted a safe harbor disclaimer stating "that requiring such
disclosure best achieves the Congressional purpose of full and fair disclosure to
consumers that is embodied in Section 1692e.  It also protects consumers such as the
Plaintiff, who may hold the reasonable but mistaken belief that timely payment will
satisfy their debts."  <u>Avila v. Riexinger & Assocs., LLC</u>, 817 F.3d 72, 76 (2d Cir. 2016)

41. Because the statement of the "Current Balance" included original principal, fees, and
contractual and/or statutory interest, without notice that the accruing interest was
expressly waived can mislead the least sophisticated consumer into believing that
payment of the amount stated will clear his or her account, the FDCPA requires debt
collectors, when they notify consumers of their account balance, to expressly disclose
that interest has stopped accruing.

42. According to the Second Circuit's finding that the "Amount Due" must contain a full and
fair disclosure, if a credit card account was being charged interest, pursuant to a contract
and the interest was intended to be waived, disclosure of such a waiver is necessary or the
consumer would not know what the balance is.  "[i]n fact, however, if interest is accruing

daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or un-waived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer." Avila v. Riexinger & Assocs._, LLC_, 817 F.3d 72, 76 (2d Cir. 2016)

43.    The 8th Circuit in Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

44.    In fact, in this case the Plaintiffs are still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing per the contract or per statute.   The consumers could not know what the real balance is.

45.    The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts. Navillus Tile, Inc. v. Turner Const. Co., 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003).   A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence. Acumen Re Management Corp. v. General Sec. Nat. Ins. Co., 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

46.    The 8th Circuit Court of Appeals found that the fact that the debt was charged off and that the creditor or debt buyer did not charge statutory or prejudgment interest in its

statements post charge off does not constitute an express waiver and statutory or prejudgment interest is still continuing to accrue and may be charged at a future time.

47. According to the Second Circuit in *Avila*, any such a debt would need full and complete disclosure.   See Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) ("Nothing inherent in the process of charging off a debt precludes a claim for statutory interest, and [the states] prejudgment interest statute does not expressly preclude statutory prejudgment interest following a waiver of contractual interest...[The debtor] received monthly periodic statements from the original creditors prior to charge-off, and at least as to the *Wal-Mart* account, the charge-off statement itself is attached to the pleadings. [The debtor] received a demand for payment of his accounts when due. We conclude any demand requirement that exists as a precondition to the accrual of statutory prejudgment interest was satisfied by the original creditors' demands upon [the debtor].")

48. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e.  The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

49. Since the "Amount Due" is for an amount that includes original principal, fees, and contractual interest, the collection notice must accurately inform the consumer that interest is accruing daily or that interest has stopped accruing. "Applying these principles, we hold that Plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e… a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full." Avila v. Riexinger & Assocs., LLC, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS

5327, at *10-11 (2d Cir. Mar. 22, 2016)

50.     Although Defendant's collection letters stated a "Current Balance" the letters failed to disclose to the Plaintiffs that the Defendant may collect the additional accruing interest at a later date.

51.     "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest" Michalek v. ARS Nat'l Sys., No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011)

52.     Absent a disclosure by the holder of the debt that the automatic interest is waived, even if the debtors pays the "Amount Due" the Defendant and or the creditor **could** still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's debt to a third party, which itself could seek the automatic interest and from the consumer. *Avila*, at *10-11.

53.     A waiver of interest, even when made explicitly, has not prevented debt collection agencies from continuing to illegally charge the waived interest. At the bare minimum a

debt collection agency must clearly convey, even to the unsophisticated consumer that it intends to waive the automatically accruing interest, or that the debt has stopped accruing interest.

54.   Upon receiving Defendant's collection letters, the Plaintiffs were uncertain whether the "Current Balance" was accruing interest as there was no disclosure or admonition indicating otherwise.

55.   Defendant's letters would cause the unsophisticated consumers uncertainty and force them to guess how much money is allegedly owed to the Defendant, how much money would accrue daily on the alleged debt, how much additional money would be owed if "Current Balance" stated in the collection letters was paid, and if or when the Defendant's collection efforts would actually discontinue if the "Current Balance" was remitted that the Defendant.

56.   Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10).

57.   Upon information and belief, such actions are part of a scheme or business of the Defendant when attempting to collect alleged debts from consumers in the State of New York.

58.   Upon information and belief, the Defendant's collection letters, such as the said June 8th, 2016 and August 3rd, 2016 collection letter, number in at least the hundreds.

59.   The Defendant, by failing to state that it would add interest to the amount of the debt or by failing to clearly waive interest, made materially false statements, in violation of 15

U.S.C. § 1692e of the FDCPA.

60. Defendant's collection letters are in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiffs.

61. Plaintiffs suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

62. Plaintiffs suffered actual harm by being the target of the Defendant's misleading debt collection communications.

63. Defendant violated the Plaintiffs' right not to be the target of misleading debt collection communications.

64. Defendant violated the Plaintiffs' right to a truthful and fair debt collection process.

65. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs' alleged debt.

66. Defendant's communications were designed to cause debtors to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

67. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiffs in a manner that deprived them of their right to enjoy these benefits, these materially misleading statements trigger liability

under section 1692e of the Act.

68. These deceptive communications additionally violated the FDCPA since they frustrate the consumers' ability to intelligently choose his or her response.

69. Plaintiffs seeks to end these violations of the FDCPA. Plaintiffs has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

70. This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

71. The identities of all class members are readily ascertainable from the records of Midland Credit Management Inc and those business and governmental entities on whose behalf it attempts to collect debts.

72. Excluded from the Plaintiffs' class is the Defendant and all officers, members, partners, managers, directors, and employees of Midland Credit Management Inc, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

73. There are questions of law and fact common to the Plaintiffs' Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiffs, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

74.     The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

75.     The Plaintiffs will fairly and adequately protect the interests of the Plaintiffs' Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

76.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)     **<u>Numerosity:</u>** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiffs' Class defined above is so numerous that joinder of all members would be impractical.

    (b)     **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiffs' Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiffs, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

    (c)     **<u>Typicality:</u>** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiffs' Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs has no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

77.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

78. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiffs' Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

79. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

80. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION
### As to Plaintiff Benjamin Haimoff
**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

81. Plaintiff Haimoff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through eighty (80) herein with the same force and effect is if the same were set forth at length herein.

82. This cause of action is brought on behalf of Plaintiff Haimoff and the members of a class.

83. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff Haimoff on or about August 3rd, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff Haimoff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and

1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

### AS AND FOR A SECOND CAUSE OF ACTION
### As to Plaintiff Venessa Joseph
### Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.

84.    Plaintiff Joseph repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through eighty-three (83) herein with the same force and effect is if the same were set forth at length herein.

85.    This cause of action is brought on behalf of Plaintiff Joseph and the members of a class.

86.    The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff Joseph on or about June 8th, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff Joseph asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

### Violations of the Fair Debt Collection Practices Act

87.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

88.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiffs and

the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully requests preliminary and permanent injunctive relief, and that

this Court enter judgment in Plaintiffs' favor and against the Defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Brooklyn, New York
        March 19th, 2017

                                    __/s/ Igor Litvak_____
                                    Igor Litvak, Esq.
                                    Attorneys for the Plaintiffs
                                    The Litvak Law Firm, PLLC
                                    1701 Avenue P
                                    Brooklyn, New York 11229
                                    Office: (718) 989-2908
                                    Facsimile: (718) 989-2908
                                    E-mail: Igor@LitvakLawNY.com


Plaintiffs requests trial by jury on all issues so triable.

                                    __/s/ Igor Litvak_____
                                    Igor Litvak, Esq.